UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 7 |
| | : | |
| NORMANDY MESHON HUFF, | : | CASE NO. 19-50672-WLH |
| *aka* Normandy Huff | : | |
| *aka* Normandy M Huff | : | |
| | : | |
| Debtor. | : | |
| | : | |

**TRUSTEE'S OBJECTION TO MOTION TO CONVERT**

COMES NOW S. Gregory Hays, as Chapter 7 Trustee ("**Trustee**") for the bankruptcy estate (the "**Bankruptcy Estate**") of Normandy Meshon Huff ("**Debtor**"), by and through undersigned counsel, and files *Trustee's Objection to Motion to Convert* (the "**Objection**"). In support of the Objection, Trustee respectfully shows the Court as follows:

**Introduction**

1. Over a year and a half after initiating this bankruptcy case, and following Trustee's filing an adversary proceeding to avoid and recover an undisclosed fraudulent transfer made by Debtor to her mother just before filing her bankruptcy case, Debtor has filed a motion to convert this case to one under Chapter 13. Trustee files this Objection to ensure that the Court has all relevant information before it when ruling on Debtor's motion to convert.

**Venue and Jurisdiction**

2. This Court has jurisdiction over this Objection under 28 U.S.C. §§ 157 and 1334. Venue of this case in this District is proper under 28 U.S.C. §§ 1408 and 1409. This Objection is a core proceeding under 28 U.S.C. § 157(b)(2).

### Background

### a. General Background

3. On January 14, 2019 (the "**Petition Date**"), Debtor filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code, initiating Case No. 19-50672-WLH (the "**Case**").

4. On or about the Petition Date, Trustee was appointed to the Case as interim Chapter 7 trustee under 11 U.S.C. § 701(a)(1).

5. At the conclusion of the meeting of creditors, conducted in accordance with 11 U.S.C. § 341(a) on February 19, 2019, Trustee became the permanent Chapter 7 Trustee under 11 U.S.C. § 702(d).

6. Trustee is the sole representative of the Bankruptcy Estate. 11 U.S.C. § 323(a) (2020).

7. On the Petition Date, Debtor filed under penalty of perjury her *Statement of Financial Affairs* (the "**Sworn Statements**")*, Schedules A* through *J* (the "**Sworn Schedules**")*, and Other Bankruptcy Documents*.

8. In response to Sworn Statements question no. 18, the Debtor testified that she did not sell, trade, or otherwise transfer any property to anyone other than property transferred in the ordinary course of business within the two (2) years prior to the bankruptcy filing.

9. On her originally filed Schedule I and Schedule J [Doc. No. 1 at pages 35-38], Debtor scheduled monthly net income of $0.00.

### b. The Property and the Transfers

10. As part of his investigation of Debtor's financial affairs, Trustee has learned that by a deed recorded on March 22, 1982 in the Fulton County Real Estate Records (Deed Book

15513543v1

8089, Page 245), Olivia Smith ("**Ms. Smith**") and her husband, Robert Lee Smith, became joint co-owners of real property located at 1702 Westhaven Drive, Atlanta, Georgia (the "**Property**").

11. Ms. Smith and Robert Smith remained joint owners of the Property except for a very short period when, on June 26, 1989, Ms. Smith recorded a deed (Deed Book 12597, Page 277, Futon County Records) transferring her one-half interest in the Property to Robert Smith. Then, on July 19, 1989, Robert Smith recorded a deed (Deed Book 12665, Page 51, Fulton County Records) transferring a one-half interest in the Property back to Ms. Smith.

12. On or about November 24, 2015, Ms. Smith, as executor of the probate estate of Robert Smith ("**Mr. Smith**" – Debtor's father and Ms. Smith's husband), conveyed the Property to Ms. Smith pursuant to an Executor's Deed (Deed Book 55606, Page 651, Fulton County Records).

13. On or about January 26, 2016, Ms. Smith recorded a deed (Deed Book 55815, Page 524, Fulton County Records) conveying the Property to Ms. Smith and Debtor.

14. On or about April 6, 2018, or approximately 8 months before the Petition Date, Ms. Smith and Debtor executed and recorded a quitclaim deed (Deed Book 58633, Page 312, Fulton County Records) conveying the Property to Ms. Smith, which resulted in a conveyance of Debtor's one-half interest in the Property to Ms. Smith. The Debtor's transfers of the Debtor's one-half interest in the Property to Ms. Smith (resulting from Debtor's execution and recordation of the quitclaim deed to Ms. Smith) are hereinafter referred to as the "**Transfers**."

15. Upon information and belief, Ms. Smith paid no consideration to Debtor in exchange for the Transfers.

16. After the Transfers, Debtor continued to reside at the Property.

17. Debtor failed to disclose the Transfers and her former interest in the Property on

15513543v1

her bankruptcy disclosure forms.

18.     Also as part of his investigation, Trustee obtained a title report for the Property, and it showed that the Property, and more importantly Debtor's former one-half interest, was likely encumbered (potentially fully encumbered) by liens of the Georgia Department of Revenue the ("**GaDOR**") and the United States of America and certain of its agencies (the "**United States**").

### c. The Adversary Proceeding

19.     On June 18, 2020, after Trustee became more confident that the GaDOR and the United States likely did not have liens against the Property despite what the title report showed, Trustee filed a complaint against Ms. Smith, Debtor, the GaDOR, and the United States and initiated the adversary proceeding styled as *Hays v. Smith, et al.* (Adv. Pro. No. 20-6100-WLH) (the "**Adversary Proceeding**").  In the Adversary Proceeding, Trustee is seeking, among other things, to avoid the Transfers and recover the transferred interest in the Property and determine the extent and validity of the interests of the GaDOR and the United States in the Property.

20.     The Court has entered judgments in the Adversary Proceeding holding that the GaDOR and the United States have no interests in the Property.  [Adv. Pro. No. 20-6100-WLH; Doc. Nos. 10 and 15].

21.     As a result, it appears that the Property is in fact unencumbered and would result in approximately $120,000.00 to $135,000.00[1] coming into the Bankruptcy Estate if Trustee is successful in pursing the remaining counts in his complaint and then selling the Property.

### d. Debtor's Motion to Convert and Related Papers

22.     On September 11, 2020, Debtor filed her *Motion to Convert to Chapter 13* [Doc.

---

[1] This estimate is based on the Property having a value of approximately $285,000.00.

15513543v1

No. 34] (the "**Motion to Convert**").[2]

23.     Also on September 11, 2020, Debtor filed amended Sworn Statements and Sworn Schedules. [Doc. No. 35].

24.     In her amended Schedule I and Schedule J, Debtor has scheduled $490.00 of monthly net income. [Doc. No. 35 at page 31]. Debtor also disclosed the Transfers. [Doc. No. 35 at page 5].

25.     In her proposed Chapter 13 Plan, Debtor proposes to make monthly plan payments of $490.00, which, over 60 months, will result in a total of $29,400.00. [Doc. No. 36]. This is approximately $100,000.00 less than will come into the Bankruptcy Estate should Trustee recover and sell Debtor's former one-half interest in the Property.

**Objection**

26.     Trustee objects to the conversion of this Case to one under Chapter 13 because: (a) Chapter 7 liquidation will result in a much greater distribution to Debtor's creditors than her proposed Chapter 13 plan; and (b) based on the information currently before the Court, Debtor is not able to put forth a confirmable Chapter 13 plan, in part because she may be proposing the plan in bad faith and she cannot overcome the best interests of creditors test. *See, e.g., Marrama v. Citizens Bank of Massachusetts, et al.*, 549 U.S. 365, 373 (2007) (affirming a bankruptcy court's denial of a motion to convert based on the debtor's bad faith when the debtor had transferred certain real property to a trust without consideration within 7 months of his bankruptcy case and only sought conversion when his trustee discovered this presumptively fraudulent transfer); *see also Law v. Siegel*, 571 U.S. 415, 425 (2014) (considering the holding in *Marrama v. Citizens Bank* and finding that a bankruptcy court may dispense with "futile

---

[2]     On September 14, 2020, Debtor filed a second motion to convert. [Doc. No. 38].

15513543v1

procedural niceties in order to reach more expeditiously an end result required by the [Bankruptcy Code].").

27. Alternatively, if the Court determines that conversion is appropriate, Trustee requests that the order converting the Case include language that, in the event that Debtor fails to confirm a Chapter 13 plan, or fails to comply with the terms of a confirmed Chapter 13 plan, that the Case be reconverted to a case under Chapter 7 and not dismissed.

WHEREFORE, Trustee respectfully requests that the Court:

(a) Consider this Objection in ruling on the Motion to Convert; and

(b) Grant such other and further relief as the Court deems just or appropriate.

Respectfully submitted this 14th day of September, 2020.

ARNALL GOLDEN GREGORY, LLP
*Attorneys for Trustee*

By:*/s/ Michael J. Bargar*
    Michael J. Bargar
    Georgia Bar No. 645709
    michael.bargar@agg.com

171 17th Street, NW, Suite 2100
Atlanta, Georgia 30363-1031
Tele: (404) 873-8500 / Fax: (404) 873-8501

15513543v1

## CERTIFICATE SERVICE

This is to certify that I, Michael J. Bargar, am over the age of 18 and that on this day I have caused to be served a copy of the forgoing *Trustee's Objection to Motion to Convert* by depositing in the United States mail a copy of same in a properly addressed envelope with adequate postage affixed thereon to assure delivery by first class United States Mail to the following persons at the addresses stated:

Office of the United States Trustee
362 Richard B. Russell Bldg.
75 Ted Turner Drive, SW
Atlanta, Georgia 30303

S. Gregory Hays
Hays Financial Consulting, LLC
Suite 555
2964 Peachtree Road
Atlanta, GA 30305

E. L. Clark
Clark & Washington, LLC
Bldg. 3
3300 Northeast Expwy.
Atlanta, GA 30341

Normandy Meshon Huff
1702 Westhaven Drive SW
Atlanta, GA 30311

This 14th day of September, 2020.

／s/ *Michael J. Bargar*
Michael J. Bargar
Georgia Bar No. 645709

15513543v1