UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 |
| | ) | |
| NORMANDY MESHON HUFF, | ) | CASE NO. 19-50672-WLH |
| | ) | |
| DEBTOR. | ) | |
| | ) | |

**OBJECTION TO THE APPLICATION OF ARNALL GOLDEN GREGORY LLP
FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT
OF EXPENSES AS COUNSEL FOR THE CHAPTER 7 TRUSTEE**

NOW COMES Nancy J. Gargula, United States Trustee for Region 21 ("United States Trustee"), in furtherance of the administrative responsibilities imposed pursuant to 28 U.S.C. § 586(a), and objects to the Application of Arnall Golden Gregory, LLP for Allowance of Compensation and Reimbursement of Expenses as Counsel for the Chapter 7 Trustee ("Application") filed on November 3, 2020 in the above-captioned matter (Docket No. 48). The Application seeks allowance of $19,402.00 in fees and reimbursement of $310.40 in expenses in connection with the case, for a total allowed amount of $19,712.40. The United States Trustee does not object to the Application in its entirety, but rather objects to certain fees as set forth herein. In support of her objections, the United States Trustee respectfully shows the following:

*Relevant Course of Proceedings and Statement of Facts*

1. Normandy Meshon Huff ("Debtor") commenced this case on January 14, 2019 ("Petition Date") by filing a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code.

2. The United States Trustee appointed S. Gregory Hays as chapter 7 trustee ("Trustee").

3. Debtor's section 341 first meeting of creditors was held and concluded on February 19, 2019.

4. The Trustee filed an application to employ Arnall Golden Gregory, LLP ("AGG") as attorneys for Trustee on February 25, 2019 and AGG was employed as attorneys for the Trustee pursuant to an Order entered February 26, 2019 (Docket No. 19).

5. The Trustee filed a Report of Assets and Request to Set Claim Deadline on March 18, 2019 (Docket No. 22).

6. On July 29, 2019, the Trustee filed his Interim Report for the period ending June 30, 2019 ("Interim Report") (Docket No 31). Trustee stated the following as Major Activities Affecting Case Closing: "Trustee is scheduling a rule 2004 examination of the Debtor to gather more information relating to the transfer of one-half interest in 1702 Westhaven Drive property in March 2018."

7. On June 18, 2020, Trustee filed an adversary proceeding styled, *S. Gregory Hays, Chapter 7 Trustee for the Estate of Normandy Meshon Huff vs. Olivia Smith, Normandy Meshon Huff, Georgia Department of Revenue, United States of America on behalf of its Agencies the Internal Revenue Service and the Department of Justice*, case number 20-06100.

8. Final Consent Judgments were entered in the adversary proceeding against the Georgia Department of Revenue and the United States of America in August, 2020, and the adversary proceeding was closed, in error, on September 11, 2020.

9. Also on September 11, 2020, Debtor filed a Motion to Convert to Chapter 13, Amended Schedules, and a Chapter 13 Plan (Docket Nos. 34, 35, and 36).

10. On September 14, 2020, the Trustee filed an Objection to Debtor's Motion to Convert (Docket No. 39).

11. Debtor's Motion to Convert was granted by Order of this Court entered October 23, 2020 (Docket No.44).

12. AGG filed its Application for Compensation on November 3, 2020 (Docket No. 48).

### *Standards of Review and Burden of Proof*

13. In calculating legal fees, the Supreme Court has stated that "'[t]he most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable rate.'" *In re Szymczak*, 246 B.R. 774, 779 (Bankr. D.N.J. 2000) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). This approach is commonly referred to as the lodestar method. The reasonable fee determined using the lodestar method is referred to as the lodestar amount.

14. Determination of the lodestar amount involves consideration of factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974). *E.g., Speights & Runyan v. Celotex Corp.* (*In re Celotex Corp.*), 227 F.3d 1336, 1341 (11th Cir. 2000). The *Johnson* factors include (i) the time and labor required; (ii) the skill requisite to perform the legal service properly; (iii) the customary fee, the amount involved, and the results obtained; and (iv) the experience, reputation and ability of the attorneys, and awards in similar cases. *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974).

15. Section 330(a)(3) is the legislative explanation of the lodestar analysis. *See Norman v. Housing Authority of City of Montgomery*, 836 F.2d 365 (11th Cir. 1988) (approving use of *Johnson* factors to determine hourly rate). Section 330 of the Bankruptcy Code states in pertinent part that, a court may award to professionals retained pursuant to 11 U.S.C. § 327:

> (A) reasonable compensation for actual, necessary services rendered by the trustee, examiner, professional person or attorney and by any paraprofessional persons employed by any such person; and
> (B) reimbursement for actual, necessary expenses. . . .
>
> (3) In determining the amount of reasonable compensation to be awarded, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including -
> (A) the time spent on such services;
> (B) the rates charged for such services;
> (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered . . .
> (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and
> (E) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330.

16. Section 330(a)(4)(A) prohibits compensation for unnecessary duplication of services, for services that were not reasonably likely to benefit the debtor's estate, and for services that were not necessary to the administration of the estate.

17. The applicant bears the burden of proof in all fee matters. *In re Beverly Mfg. Corp.*, 841 F.2d 365, 371 (11th Cir. 1988). The burden of proof to show entitlement to fees should "not be taken lightly, especially given that every dollar expended on legal fees results in a dollar less that is available for distribution to the creditors." *In re Spanjer Bros., Inc.*, 191 B.R. 738, 747 (Bankr. N.D. Ill. 1996) (citing *In re Pettibone Corp.*, 74 B.R. 293, 294 (Bankr. N.D. Ill. 1987)).

18. The Bankruptcy Court has a duty to examine the reasonableness of the fees requested by retained professionals independently, notwithstanding the absence of objections by the trustee, debtor or creditor. *In re AutoParts Club, Inc.,* 211 B.R. 29, 33 (B.A.P. 9th Cir. 1997) (citing *In re Busy Beaver Bldg. Ctrs., Inc.*, 19 F.3d 833, 841 (3d Cir. 1994)).

*Objections*

### A.    Performance of Trustee Duties

19.    Attorneys for chapter 7 trustees may receive compensation only for services performed in that capacity and not for the performance of trustee duties.

20.    Bankruptcy Code section 704 describes the duties of a trustee. Trustee duties and functions include activities such as: review of debtor's schedules and examination of the debtor at the section 341 meeting; preparation of reports; telephone conversations or written communications with the debtor, creditors, or attorneys regarding the general status of the case; performance of banking matters; distribution of funds; abandoning assets; basic negotiation for recovery of assets; examination of simple proofs of claim and making routine objections; initial review of the debtor's financial affairs and records; reviewing title reports; collection of accounts; preparation of notices and advertisements for sale of assets; payment of routine bills; arranging appraisals of estate property; arranging insurance coverage; and supervision of professionals. *See In re Columbia Plastics, Inc.*, 251 B.R. 580 (Bankr. W.D. Wash. 2000); *In re Dorn*, 167 B.R. 860, 868 (Bankr. S.D. Ohio 1994); *In re Butterbaugh*, 135 B.R. 507 (Bankr. N.D. Ohio 1991); *In re McKenna*, 93 B.R. 238,242 (Bankr. E.D.Cal. 1988). The trustee cannot delegate these duties to professionals he employs. *In re McAuley Textile Corp.*, 11 B.R. 646 (Bankr. D.Maine 1981).

21.    Indeed, the attorney for the trustee is to assist the trustee with services the trustee is "unable to perform due to the lack of a license to practice law." *Gordon v. Walton* (*In re Hambrick*), 2012 WL 10739279 at *4 (Bankr. N.D. Ga. April 10, 2012).

22. AGG's application for compensation includes charges for services that are more properly characterized as trustee or administrative services, such as obtaining and reviewing title reports and related documents; preparing, editing, and filing AGG's employment application; and communications with Debtor's counsel.

### B. Excessive Charges for Work Performed

23. Tasks should be delegated to those whose rates and skills are appropriate for the particular task.

24. The requested attorney's fees reflect hourly rates of $445.00 (2019) and $482.50 (2020) for Michael J. Bargar (Partner),[1] $465.00 for W. Matthews (Of Counsel), and $300.00 for Meghan Wells (Associate) as attorneys and $195.00 (2019) for Pamela Bicknell as paralegal.

25. The United States Trustee respectfully submits that this is a fairly routine asset case and adversary proceeding that should not necessarily require the experience levels of those performing many of the tasks performed.

26. Indeed, AGG's application for compensation includes charges for services that exceed the amount of time and labor required and/or the skill requisite to property perform the legal service rendered.

27. Examples of such excess include, but *are necessarily not limited to*:

   a. A charge of $232.50 for half an hour spent for review of ECF summons and exchange of memos at an attorney rate of $465.00:

---

[1] AGG reduced the 2019 billing rate of Michael J. Bargar from $495.00 an hour to $445.00 and his 2020 billing rate from $535.00 an hour to $482.50.

- 6 -

| | | | | | |
|---|---|---|---|---|---|
| 06/19/20 | W. Matthews | 0.50 | 465.00 | 232.50 | Review ECF summons and get online to ECF to insure that I receive ECF notices of complaint filed under M. Bargar ECF login (0.2); exchange memos with M. Bargar regarding service of summons (0.3) |

        b.      A charge of $744.00 for over an hour and a half spent for reviewing defendants and service requirements, preparing an address list and certificate of service, preparing memos and coordinating with mail room at an attorney rate of $465.00:

| | | | | | |
|---|---|---|---|---|---|
| 06/22/20 | W. Matthews | 1.60 | 465.00 | 744.00 | Review named defendants and service requirements and prepare address list for use for service and for certificate of service (0.7); memo to and from M. Bargar regarding certified mail service (0.2); coordinate with C. Stewart and mail room to handle service of summons and complaint (0.2); review and revise draft of certificate of service (0.3); memo to and from C. Stewart to confirm that summons was served by both regular and certified mail (0.2) |

        28.      The United States Trustee respectfully submits that the time spent and amounts charged go well beyond what is reasonable for such work.

        **C.**      **Charges for An Unfiled Pleading**

        29.      Although the Trustee's Interim Report shows the Trustee contemplated a Rule 2004 examination of the Debtor for a proper purpose, namely, of gathering more information relating to the transfer of one-half interest in 1702 Westhaven Drive property in March 2018, there is no motion or other documented effort to take a 2004 examination on the record.

        30.      Since there is no motion or other documented effort to take a 2004 examination on the record, the following charges should be disallowed:

| | | | | | |
|---|---|---|---|---|---|
| 07/05/19 | M. Wells | 1.60 | 300.00 | 480.00 | Draft Rule 2004 Motion |
| 08/07/19 | M. Bargar | .20 | 445.00 | 89.00 | Draft correspondence to Trustee regarding scheduling of debtor's 2004 examination |

WHEREFORE, the United States Trustee asks the Court to sustain her foregoing objections and to grant such other and further relief as Court may deem just and proper.

Dated: November 24, 2020  NANCY J. GARGULA
United States Trustee, Region 21

*s/ Shawna Staton*
Shawna Staton
Georgia Bar No. 640220
United States Department of Justice
Office of the United States Trustee
362 Richard B. Russell Building
75 Ted Turner Drive, S.W.
Atlanta, Georgia 30303
(404) 331-4437
shawna.p.staton@usdoj.gov

## CERTIFICATE OF SERVICE

This is to certify that on November 24, 2020, I electronically filed the foregoing **OBJECTION TO THE APPLICATION OF ARNALL GOLDEN GREGORY LLP FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES AS COUNSEL FOR THE CHAPTER 7 TRUSTEE** using the Bankruptcy Court's Electronic Case Filing Program, which sends a notice of this document and an accompanying link to this document to the following parties who have appeared in this case under the Bankruptcy Court's Electronic Case filing program:

Michael J. Bargar on behalf of Trustee S. Gregory Hays michael.bargar@agg.com, carol.stewart@agg.com

E. L. Clark on behalf of Debtor Normandy Meshon Huff ecfnotices@cw13.com, cwatlantabk@gmail.com

E. L. Clark on behalf of Defendant Normandy Meshon Huff ecfnotices@cw13.com, cwatlantabk@gmail.com

Eli D. Gordon on behalf of Creditor  World Omni Financial Corp.
edg@trippscott.com, bankruptcy@trippscott.com

S. Gregory Hays
ghays@haysconsulting.net, saskue@haysconsulting.net;GA32@ecfcbis.com

William D. Matthews on behalf of Plaintiff  S. GREGORY HAYS, Chapter 7 Trustee for the Estate of Normandy Meshon Huff william.matthews@agg.com

Howard D. Rothbloom on behalf of Defendant Olivia  Smith howard@rothbloom.com, silvia@rothbloom.com;5487@notices.nextchapterbk.com

    DATED: November 24, 2020                        ***/s Shawna Staton***