UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 13 |
| NORMANDY MESHON HUFF | : | CASE NUMBER A19-50672-WLH |
| DEBTOR | : | |

**CHAPTER 13 TRUSTEE'S OBJECTIONS TO**
**CONFIRMATION AND REQUEST TO RECONVERT CASE TO CHAPTER 7**

COMES NOW, Nancy J. Whaley, the Standing Chapter 13 Trustee herein, and objects to Confirmation of the plan for the following reasons:

1.

The Debtor has failed to serve the Chapter 13 plan on all parties and file a certificate of service a pursuant to General Order 41-2020.

2.

As unsecured creditors will receive less than in a Chapter 7 liquidation, the plan does not comply with U.S.C. Section 1325(a)(4).

3.

The Debtor's payments under the proposed plan are not current, thus indicating that this plan is not feasible. 11 U.S.C. Section 1325(a)(6).

4.

The Trustee requests proof of automobile payments of $513.00 per month, proof of the value of the whole life insurance policy and sixty (60) days most recent pay advices in order to determine the accuracy and veracity of the plan and/or Schedules. 11 U.S.C. Section 521(a)(1), 11 U.S.C. Section 1325(a)(3), and 11 U.S.C. Section 1325(b)(1)(B).

5.

The Trustee requests proof of the fair market value of 1702 Westhaven Drive in order to determine the accuracy and veracity of the plan and/or schedules. 11 U.S.C. Section 521(a)(1), 11 U.S.C. Section 1325(a)(3), and 11 U.S.C. Section 1325(a)(4).

6.

The Chapter 13 petition and schedules fail to disclose an account with LGE Credit Union with a balance of $4,000.00, in violation of 11 U.S.C. Section 521.

7.

The Chapter 13 petition and schedules disclose a 2018 Toyota Rav 4 XLE, which is not an asset of the Debtor or is an inaccurate description of the asset.

8.

The Debtor's Chapter 13 schedules are inaccurate and/or incomplete; the Trustee is unable to determine either the duration or feasibility of the proposed plan. 11 U.S.C. Section 1322(d) and 11 U.S.C. Section 1325(a)(6). Specifically, the Debtor's daughter does not reside in the household.

9.

The Debtor appears to have transferred interest in the property located at 1702 Westhaven Drive to Olivia Smith on or about April 16, 2018. This transfer may be avoidable pursuant to 11 U.S.C. Sections 547, 544 and/or 549. Accordingly, the plan may not meet the requirements of 11 U.S.C. 1325(a)(4).

10.

The Debtor has failed to file the correct Current Monthly Income Statement, Official Form 122C-1 and 122C-2 as applicable, which became effective December 1, 2014. 11 U.S.C. Section 101(10A).

11.

The Chapter 13 plan proposes to directly fund a debt owed to Ally Financial in violation of 11 U.S.C. Section 1322(a)(3) which requires the same treatment of all claims within a particular class. The proposed treatment may also violate the requirements of 11 U.S.C. Section 1325(a)(3).

12.

The plan fails to treat Gregory Hayes in violation of 11 U.S.C. Section 1322(a)(3) and/or 11 U.S.C. Section 502(a).

13.

The Debtor's composition plan proposes to retain a 2019 Toyota Rav 4 with a debt of $29,831.93, which may be excessive and/or unnecessary for the maintenance or support of Debtor or Debtor's dependents. 11 U.S.C. Section 1325(b)(1)(B) and 11 U.S.C. Section 1325(a)(3).

Based on the aforesaid objections to confirmation, the Chapter 13 Trustee respectfully requests that instead of dismissal the case be reconverted to a Chapter 7 proceeding, pursuant to 11 U.S.C. Section 1307(c).

WHEREFORE, the Trustee moves the Court to inquire into the objections, deny Confirmation of the Debtor's plan, and to reconvert the instant case to a Chapter 7 proceeding pursuant to 11 U.S.C. Section 1307(c).

                                                    Respectfully submitted,

/s/_____
Ryan J. Williams,
Attorney for Chapter 13 Trustee
GA Bar No. 940874
303 Peachtree Center Ave., NE
Suite 120
Atlanta, GA  30303
(678) 992-1201

*/jn*

# CERTIFICATE OF SERVICE

Case No: A19-50672-WLH

I certify that on this day I caused a copy of this Chapter 13 Trustee's Objection to Confirmation and Request to Reconvert Case to Chapter 7 to be served via United States First Class Mail with adequate postage prepaid on the following parties at the address shown for each:

**Debtor(s):**
NORMANDY MESHON HUFF
1702 WESTHAVEN DRIVE SW
ATLANTA, GA 30311

**Office of the U.S. Trustee:**
OFFICE OF THE U.S. TRUSTEE
ATTN: JENEANE TREACE
ATTN: DAVID WEIDENBAUM
75 TED TURNER DRIVE, S.W.
SUITE 362
ATLANTA, GA 30303

I further certify that I have on this day electronically filed the foregoing Chapter 13 Trustee's Objection to Confirmation and Request to Reconvert Case to Chapter 7 using the Bankruptcy Court's Electronic Case Filing program, which sends a notice of this document and an accompanying link to this document to the following parties who have appeared in this case under the Bankruptcy Court's Electronic Case Filing program:

**Attorney for the Debtor(s):**

CLARK & WASHINGTON, P.C.


This the 10th day of December, 2020.


/s/_____
Ryan J. Williams
Attorney for the Chapter 13 Trustee
State Bar No. 940874
303 Peachtree Center Avenue, NE
Suite 120
Atlanta, GA 30303
678-992-1201