UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 13 |
| | : | |
| NORMANDY MESHON HUFF, | : | CASE NO. 19-50672-WLH |
| *aka* Normandy Huff | : | |
| *aka* Normandy M Huff | : | |
| | : | |
| Debtor. | : | |
| | : | |

## OBJECTION TO CONFIRMATION BY ARNALL GOLDEN GREGORY LLP

COMES NOW Arnall Golden Gregory LLP ("**AGG**"), attorneys for S. Gregory Hays in his capacity as the former Chapter 7 Trustee ("**Trustee**") in the Chapter 7 case Normandy Meshon Huff ("**Debtor**") and a creditor and party in interest, and objects to confirmation of Debtor's Chapter 13 Plan (the "**Objection**").   In support of the Objection, AGG respectfully shows as follows:

### General Background

1.     On January 14, 2019 (the "**Petition Date**"), Debtor filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*. (as amended, modified, or supplemented, "**Bankruptcy Code**") in the United States Bankruptcy Court for the Northern District of Georgia, Atlanta Division ("**Bankruptcy Court**"), initiating this bankruptcy case (the "**Case**").

2.     Shortly thereafter, Trustee was appointed the duly acting Chapter 7 trustee in this Case.

15935797v1

3.      Trustee filed an application to employ AGG as his attorneys on February 25, 2019 [Doc. No. 18].  On February 26, 2019, this Court entered its Order [Doc. No. 19] approving the employment of AGG as counsel for Trustee.

4.      On the Petition Date, Debtor filed under penalty of perjury her *Statement of Financial Affairs* (the "**Sworn Statements**")*, Schedules A* through *J* (the "**Sworn Schedules**")*, and *Other Bankruptcy Documents*.

5.      In response to Sworn Statements question no. 18, the Debtor testified that she did not sell, trade, or otherwise transfer any property to anyone other than property transferred in the ordinary course of business within the two (2) years prior to the bankruptcy filing.

6.      On her originally filed Schedule I and Schedule J [Doc. No. 1 at pages 35-38], Debtor scheduled monthly net income of $0.00.

### a. The Property

7.      As part of his investigation of Debtor's financial affairs, Trustee learned that by a deed recorded on March 22, 1982 in the Fulton County Real Estate Records (Deed Book 8089, Page 245), Olivia Smith ("**Ms. Smith**") and her husband, Robert Lee Smith, became joint co-owners of real property located at 1702 Westhaven Drive, Atlanta, Georgia (the "**Property**").

8.      Ms. Smith and Robert Smith remained joint owners of the Property except for a very short period when, on June 26, 1989, Ms. Smith recorded a deed (Deed Book 12597, Page 277, Futon County Records) transferring her one-half interest in the Property to Robert Smith. Then, on July 19, 1989, Robert Smith recorded a deed (Deed Book 12665, Page 51, Fulton County Records) transferring a one-half interest in the Property back to Ms. Smith.

9.      On or about November 24, 2015, Ms. Smith, as executor of the probate estate of

Robert Smith ("**Mr. Smith**" – Debtor's father and Ms. Smith's husband), conveyed the Property to Ms. Smith pursuant to an Executor's Deed (Deed Book 55606, Page 651, Fulton County Records).

10.    On or about January 26, 2016, Ms. Smith recorded a deed (Deed Book 55815, Page 524, Fulton County Records) conveying the Property to Ms. Smith and Debtor.

11.    On or about April 6, 2018, or approximately 8 months before the Petition Date, Ms. Smith and Debtor executed and recorded a quitclaim deed (Deed Book 58633, Page 312, Fulton County Records) conveying the Property to Ms. Smith, which resulted in a conveyance of Debtor's one-half interest in the Property to Ms. Smith.  The Debtor's transfers of the Debtor's one-half interest in the Property to Ms. Smith (resulting from Debtor's execution and recordation of the quitclaim deed to Ms. Smith) are hereinafter referred to as the "**Transfers**."

12.    Upon information and belief, Ms. Smith paid no consideration to Debtor in exchange for the Transfers.

13.    After the Transfers, Debtor continued to reside at the Property.

14.    Debtor failed to disclose the Transfers and her former interest in the Property on her bankruptcy disclosure forms.

15.    Also as part of his investigation, Trustee obtained a title report for the Property, and it showed that the Property, and more importantly Debtor's former one-half interest, was likely encumbered (potentially fully encumbered) by liens of the Georgia Department of Revenue the ("**GaDOR**") and the United States of America and certain of its agencies (the "**United States**").

### b. The Adversary Proceeding

16.     On June 18, 2020, after Trustee became more confident that the GaDOR and the United States likely did not have liens against the Property despite what the title report showed, Trustee filed a complaint against Ms. Smith, Debtor, the GaDOR, and the United States and initiated the adversary proceeding styled as *Hays v. Smith, et al.* (Adv. Pro. No. 20-6100-WLH) (the "**Adversary Proceeding**").  In the Adversary Proceeding, Trustee is seeking, among other things, to avoid the Transfers and recover the transferred interest in the Property and determine the extent and validity of the interests of the GaDOR and the United States in the Property.

17.     The Court entered judgments in the Adversary Proceeding holding that the GaDOR and the United States have no interests in the Property.  [Adv. Pro. No. 20-6100-WLH; Doc. Nos. 10 and 15].

18.     As a result, it appears that the Property is in fact unencumbered and would result in approximately $120,000.00 to $130,000.00[1] coming into the Bankruptcy Estate if Trustee were successful in pursing the remaining counts in his complaint and then selling the Property in accordance with the provisions of Chapter 7.

### c. Debtor's Motion to Convert and Related Papers

19.     On September 11, 2020, Debtor filed Debtor's *Motion to Convert Case to Chapter 13* [Doc. No. 34] (the "**First Motion**").  The First Motion included no legal or other arguments as to the propriety of the Motion to Convert.  [Doc. No. 34].

---

[1]     This estimate is based on the Property having a value of approximately $280,000.00.  On October 30, 2020, Zillow.com valued the Property at $278,645.00, Redfin.com valued it at $241,656.00, and Realtor.com valued it at $318,300.00.  The average of these values is $279,534.00, and the median is $278,645.00.

20.    On September 14, 2020, Debtor filed an Amended *Motion to Convert Case to Chapter 13* [Doc. No. 38] (the "**Second Motion**", together with the First Motion, the "**Motion to Convert**").

21.    Trustee filed *Trustee's Objection to Motion to Convert* [Doc. No. 39] objecting to the Motion to Convert because: (a) Chapter 7 liquidation would result in a much greater distribution to Debtor's creditors than her proposed Chapter 13 plan; and (b) based on the information currently before the Court, Debtor is not able to put forth a confirmable Chapter 13 plan, in part because she may be proposing the plan in bad faith and cannot overcome the best interests of creditors test.  *See, e.g., Marrama v. Citizens Bank of Massachusetts, et al.*, 549 U.S. 365, 373 (2007) (affirming a bankruptcy court's denial of a motion to convert based on the debtor's bad faith when the debtor had transferred certain real property to a trust without consideration within 7 months of his bankruptcy case and only sought conversion when his trustee discovered this presumptively fraudulent transfer); *see also Law v. Siegel*, 571 U.S. 415, 425 (2014) (considering the holding in *Marrama v. Citizens Bank* and finding that a bankruptcy court may dispense with "futile procedural niceties in order to reach more expeditiously an end result required by the [Bankruptcy Code].").

22.    The Court granted the Motion to Convert on October 23, 2020 [Doc. No. 44].

23.    Also on September 11, 2020, Debtor filed amended Sworn Statements and Sworn Schedules.  [Doc. No. 35].

24.    In her amended Schedule I and Schedule J, Debtor has scheduled $490.00 of monthly net income.  [Doc. No. 35 at page 31].  Debtor also disclosed the Transfers.  [Doc. No. 35 at page 5].

25.     In her proposed Chapter 13 Plan, Debtor proposes to make monthly plan payments of $490.00, which, over 60 months, will result in a total of $29,400.00.  [Doc. No. 36]. This is significantly less than will come into the Bankruptcy Estate should Trustee recover and sell Debtor's former one-half interest in the Property under Chapter 7.

26.     Debtor did not provide for the payment of AGG's Claim (defined below) in her Chapter 13 Plan.  *Id.*

### d. AGG Fee Application and Allowed Claim

27.     On November 3, 2020, AGG filed a fee application [Doc. No. 48] (the "**Fee Application**") seeking allowance and payment of Chapter 7 fees in the amount of $19,402.00 and expenses in the amount of $310.40.

28.     On November 24, 2020, Nancy J. Gargula, United States Trustee for Region 21 (the "**United States Trustee**") filed an objection to the Application [Doc. No. 53] (the "**Objection**") related to, among other things, certain time entries in the Application.

29.     On December 9, 2020, the Court entered the *Consent Order on Application of Arnall Golden Gregory LLP for Allowance of Compensation and Reimbursement of Expenses as Counsel for the Chapter 7 Trustee* and approved the administrative claim of $16,310.40 - compensation in the amount of $16,000.00 and reimbursement of expenses in the amount of $310.40 [Doc. No. 59] ("**AGG's Claim**").  AGG's Claim is a priority claim under 11 U.S.C. § 507(a)(2).

### Objection and Bases for Same

30.     AGG objects to confirmation of Debtor's Chapter 13 Plan because it fails to provide for payment in full of AGG's Claim in violation of 11 U.S.C. § 1322(a)(2).

WHEREFORE, AGG respectfully prays that the Court:

(a)  Inquire into the above objection;

(b)  Deny confirmation of Debtor's Chapter 13 Plan; and

(c)  Grant such other and further relief as may be just and proper.

Respectfully submitted this 11th day of December, 2020.

ARNALL GOLDEN GREGORY LLP
*Prior Attorneys for Chapter 7 Trustee*

By: */s/ Michael J. Bargar*

171 17th Street, NW, Suite 2100                 Michael J. Bargar
Atlanta, Georgia 30363                          Georgia Bar No. 645709
(404) 873-7030                                  michael.bargar@agg.com
(404) 873-7031 (facsimile)

15935797v1

## CERTIFICATE OF SERVICE

This is to certify that on December 11, 2020, the undersigned caused to be served a true and correct copy of the forgoing **OBJECTION TO CONFIRMATION BY ARNALL GOLDEN GREGORY LLP** by depositing copies of same into the United States mail on the date set forth above, with adequate postage affixed thereto to assure delivery by regular first class mail to the following entities at the addresses stated:

Office of the United States Trustee
362 Richard B. Russell Bldg.
75 Ted Turner Drive, SW
Atlanta, GA 30303

E. L. Clark
Clark & Washington, LLC
Bldg. 3
3300 Northeast Expwy.
Atlanta, GA 30341

Normandy Meshon Huff
1702 Westhaven Drive SW
Atlanta, GA 30311

Nancy J. Whaley
Nancy J. Whaley, Standing Ch. 13 Trustee
303 Peachtree Center Avenue
Suite 120, Suntrust Garden Plaza
Atlanta, GA 30303

This 11th day of December, 2020.

By:/s/ Michael J. Bargar
Michael J. Bargar
Georgia Bar No. 645709

15935797v1