Fill in this information to identify your case:

| | | | |
|---|---|---|---|
| Debtor 1 | **Normandy MeShon Huff** | | |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse, if filing) | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the **NORTHERN DISTRICT OF GEORGIA - ATLANTA DIVISION**

Case number: 19-50672-wlh
(If known)

☑ Check if this is an amended plan, and list below the sections of the plan that have been changed. Amendments to sections not listed below will be ineffective even if set out later in this amended plan.
2.1; 5.1

# Second Amended Chapter 13 Plan

**NOTE:** The United States Bankruptcy Court for the Northern District of Georgia adopted this form plan for use in Chapter 13 cases in the District pursuant to Federal Rule of Bankruptcy Procedure 3015.1. See Order Requiring Local Form for Chapter 13 Plans and Establishing Related Procedures, General Order No. 21-2017, available in the Clerk's Office and on the Bankruptcy Court's website, ganb.uscourts.gov. As used in this plan, "Chapter 13 General Order" means General Order No. 21-2017 as it may from time to time be amended or superseded.

| Part 1: | Notices |
|---|---|

**To Debtor(s):** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances. Plans that do not comply with the United States Bankruptcy Code, local rules and judicial rulings may not be confirmable.

*In the following notice to creditors, you must check each box that applies.*

**To Creditors:** **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**

*Check if applicable.*

☐ The plan provides for the payment of a domestic support obligation (as defined in 11 U.S.C. § 101(14A)), set out in § 4.4.

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless the Bankruptcy Court orders otherwise. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015.

To receive payments under this plan, you must have an allowed claim. If you file a timely proof of claim, your claim is deemed allowed unless a party in interest objects. See 11 U.S.C. § 502(a).

**The amounts listed for claims in this plan are estimates by the debtor(s). An allowed proof of claim will be controlling, unless the Bankruptcy Court orders otherwise.**

The following matters may be of particular importance. *Debtor(s) must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not included," if both boxes are checked, or if no box is checked, the provision will be ineffective even if set out later in the plan.*

| | | Included | Not Included |
|---|---|---|---|
| § 1.1 | **A limit on the amount of a secured claim, that may result in a partial payment or no payment at all to the secured creditor, set out in § 3.2** | ☐ | ☑ |
| § 1.2 | **Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in § 3.4** | ☐ | ☑ |
| § 1.3 | **Nonstandard provisions, set out in Part 8.** | ☑ | ☐ |

| Part 2: | Plan Payments and Length of Plan; Disbursement of Funds by Trustee to Holders of Allowed Claims |
|---|---|

**§ 2.1    Regular Payments to the trustee; applicable commitment period.**

Debtor    **Normandy MeShon Huff**    Case number

The applicable commitment period for the debtor(s) as set forth in 11 U.S.C. § 1325(b)(4) is:

*Check one:*    ☑ 36 months    ☐ 60 months

Debtor(s) will make regular payments ("Regular Payments") to the trustee as follows:

The debtor(s) will pay **750.00** per **Month** for the applicable commitment period. If the applicable commitment period is 36 months, additional Regular Payments will be made to the extent necessary to make the payments to creditors specified in this plan, not to exceed 60 months unless the Bankruptcy Court orders otherwise. If all allowed claims treated in § 5.1 of this plan are paid in full prior to the expiration of the applicable commitment period, no further Regular Payments will be made.

*Check if applicable.*
☐ The amount of the Regular Payment will change as follows *(If this box is not checked, the rest of § 2.1 need not be completed or reproduced. Insert additional lines as needed for more changes.)*:

§ 2.2    **Regular Payments; method of payment.**

Regular Payments to the trustee will be made from future income in the following manner:

*Check all that apply:*
☑ Debtor(s) will make payments pursuant to a payroll deduction order. If a deduction does not occur, the debtor(s) will pay to the trustee the amount that should have been deducted.

☐ Debtor(s) will make payments directly to the trustee.

☐ Other (specify method of payment):

§ 2.3    **Income tax refunds.**

*Check one.*

☐ Debtor(s) will retain any income tax refunds received during the pendency of the case.

☑ Debtor(s) will (1) supply the trustee with a copy of each income tax return filed during the pendency of the case within 30 days of filing the return and (2) turn over to the trustee, within 30 days of the receipt of any income tax refund during the applicable commitment period for tax years __**2020, 2021, 2022**__, the amount by which the total of all of the income tax refunds received for each year exceeds $2,000 ("Tax Refunds"), unless the Bankruptcy Court orders otherwise. If debtor's spouse is not a debtor in this case, "tax refunds received" means those attributable to the debtor.

☐ Debtor(s) will treat tax refunds ("Tax Refunds") as follows:

§ 2.4    **Additional Payments.**

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

§ 2.5    **[Intentionally omitted.]**

§ 2.6    **Disbursement of funds by trustee to holders of allowed claims.**

(a) **Disbursements before confirmation of plan.** The trustee will make preconfirmation adequate protection payments to holders of allowed claims as set forth in §§ 3.2 and 3.3.

(b) **Disbursements after confirmation of plan.** Upon confirmation, after payment of the trustee's statutory fee, the trustee will disburse Regular Payments, Additional Payments, and Tax Refunds that are available for disbursement to make payments to holders of allowed claims as follows:

| Debtor | **Normandy MeShon Huff** | Case number | |
|---|---|---|---|

    **(1) First disbursement after confirmation of Regular Payments.** In the first disbursement after confirmation, the trustee will disburse all available funds from Regular Payments in the following order:

        (A) To pay any unpaid preconfirmation adequate protection payments required by 11 U.S.C. § 1326(a)(1)(C) as set forth in § 3.2, § 3.3, and orders of the Bankruptcy Court;

        (B) To pay fees, expenses, and costs of the attorney for the debtor(s) as set forth in § 4.3;

        (C) To make payments pro rata based on the monthly payment amount: on secured claims as set forth in §§ 3.1, 3.2, 3.3, and 3.4; on domestic support obligations as set forth in § 4.4; on the arrearage claims on nonpriority unsecured claims as set forth in § 5.2; and on executory contracts and unexpired leases as set forth in § 6.1; and

        (D) To pay claims in the order set forth in § 2.6(b)(3).

    **(2) Second and subsequent disbursement after confirmation of Regular Payments.** In the second disbursement after confirmation, and each month thereafter, the trustee will disburse all available funds from Regular Payments in the order below. All available Regular Payments will be distributed to the claims in each paragraph until such claims are paid in full.

        (A) To make concurrent monthly payments, including any amount past due under this plan: on secured claims as set forth in §§ 3.1, 3.2, 3.3, and 3.4; on fees, expenses, and costs of the attorney for the debtor(s) as set forth in § 4.3; on domestic support obligations as set forth in § 4.4; on the arrearage claims on both nonpriority unsecured claims as set forth in § 5.2 and executory contracts and unexpired leases as set forth in § 6.1;

        (B) To make pro rata payments on administrative expenses allowed under 11 U.S.C. § 503(b) other than the trustee's fee and the debtor's attorney's fees, expenses, and costs; and

        (C) To pay claims in the order set forth in § 2.6(b)(3).

    **(3) Disbursement of Additional Payments and Tax Refunds.** The trustee will disburse the Additional Payments and Tax Refunds in the following order:

        (A) To pay fees, expenses, and costs of the attorney for the debtor(s) as set forth in § 4.3;

        (B) To make pro rata payments on administrative expenses allowed under 11 U.S.C. § 503(b) other than the trustee's fee and the debtor's attorney's fees, expenses, and costs;

        (C) To make payments pro rata based on the monthly payment amount: on secured claims as set forth in §§ 3.1, 3.2, 3.3, and 3.4; on domestic support obligations as set forth in § 4.4; on the arrearage claims on both nonpriority unsecured claims as set forth in § 5.2 and executory contracts and unexpired leases as set forth in § 6.1;

        (D) To pay other Allowed Secured Claims as set forth in § 3.6;

        (E) To pay allowed claims entitled to priority under 11 U.S.C. § 507, other than administrative expenses and domestic support obligations; and

        (F) To pay nonpriority unsecured claims not otherwise classified as set forth in § 5.1 ("Unclassified Claims") and to pay nonpriority unsecured claims separately classified as set forth in § 5.3 ("Classified Claims"). The trustee will estimate the total amounts to be disbursed during the plan term (1) to pay Unclassified Claims and (2) to pay Classified Claims. Funds available for disbursement on these claims will be allocated pro rata to each class, and the funds available for disbursement for each class will be paid pro rata to the creditors in the class.

    **(4)** Unless the debtor(s) timely advise(s) the trustee in writing, the trustee may treat and disburse any payments received from the debtor(s) as Regular Payments.

| Part 3: | **Treatment of Secured Claims** |
|---|---|

**§ 3.1**     **Maintenance of payments and cure of default, if any.**

    *Check one*.

    ☐   **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced*.
    ☒   Beginning with the first payment that is due after the date of the order for relief under Chapter 13, the debtor(s) will maintain the current contractual installment payments on the secured claims listed below, with any changes required by the applicable

| Debtor | **Normandy MeShon Huff** | Case number | |
|---|---|---|---|

contract and noticed in conformity with any applicable rules. These payments will be disbursed directly by the debtor(s). Any existing arrearage on a listed claim will be paid in full through disbursements by the trustee, with interest, if any, at the rate stated below.

If relief from the automatic stay is ordered as to any item of collateral listed in this paragraph, then, unless the Bankruptcy Court orders otherwise, all payments under this paragraph as to that collateral will cease, and all secured claims based on that collateral will no longer be treated by the plan.

| Name of creditor | Collateral | Estimated amount of arrearage (if any) | Interest rate on arrearage (if applicable) | Monthly plan payment on arrearage |
|---|---|---|---|---|
| Ally Financial, Inc. | 2019 Toyota Rav4 XLE 16000 miles | $**0.00** | **0.00**% | $**0.00** |

§ 3.2  **Request for valuation of security, payment of fully secured claims, and modification of undersecured claims.**

☑  None. *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

§ 3.3  **Secured claims excluded from 11 U.S.C. § 506.**

*Check one.*

☑  None. *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

§ 3.4  **Lien avoidance**.

*Check one.*

☑  None. *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

§ 3.5  **Surrender of collateral.**

*Check one.*

☑  None. *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

§ 3.6  **Other Allowed Secured Claims.**

A proof of claim that is filed and allowed as a secured claim, but is not treated as a secured claim in this plan, shall be paid with interest at the rate of __**5.75**__ %. Payments will commence as set forth in § 2.6. Notwithstanding the foregoing, the debtor(s), and any other party in interest, may: object to allowance of the claim; request that the Bankruptcy Court determine the value of the secured claim if modification of the claim is permissible and if 11 U.S.C. § 506 is applicable; or request that the Bankruptcy Court avoid the creditor's lien pursuant to 11 U.S.C. § 522(f), if applicable.

If the Bankruptcy Court determines the value of the secured claim, the portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5 of this plan.

The holder of the claim will retain the lien on the property interest of the debtor(s) or the estate(s) until the earlier of:

(a) payment of the underlying debt determined under nonbankruptcy law, or

(b) payment of the amount of the secured claim, with interest at the rate set forth above, and discharge of the underlying debt under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor.

| Part 4: | **Treatment of Fees and Priority Claims** |
|---|---|

§ 4.1  **General.**

| Debtor | **Normandy MeShon Huff** | Case number | |
|---|---|---|---|

Trustee's fees and all allowed priority claims will be paid in full without postpetition interest. An allowed priority claim will be paid in full regardless of whether it is listed in § 4.4.

§ 4.2    **Trustee's fees.**

Trustee's fees are governed by statute and may change during the course of the case.

§ 4.3    **Attorney's fees.**

(a) The unpaid fees, expenses, and costs owed to the attorney for the debtor(s) in connection with legal representation in this case are $___**5,000.00**___. The allowance and payment of the fees, expenses and costs of the attorney for the debtor(s) are governed by General Order 22-2017 ("Chapter 13 Attorney's Fees Order"), as it may be amended.

(b) Upon confirmation of the plan, the unpaid amount shall be allowed as an administrative expense under 11 U.S.C. § 503(b) to the extent set forth in the Chapter 13 Attorney's Fees Order.

(c) The Bankruptcy Court may allow additional fees, expenses, and costs to the attorney for debtor(s) in excess of the amount shown in § 4.3(a) above upon application of the attorney in compliance with the Chapter 13 Attorney's Fees Order and after notice and a hearing.

(d) From the first disbursement after confirmation, the attorney will receive payment under § 2.6(b)(1) up to the allowed amount set forth in § 4.3(a).

(e) The unpaid balance and any additional amounts allowed under § 4.3(c) will be payable (1) at $___**180.00**___ per month from Regular Payments and (2) from Tax Refunds or Additional Payments, as set forth in § 2.6, until all allowed amounts are paid in full.

(f) If the case is converted to Chapter 7 before confirmation of the plan, the debtor(s) direct(s) the trustee to pay to the attorney for the debtor(s) the amount of $___**2,500.00**___, not to exceed the maximum amount that the Chapter 13 Attorney's Fees Order permits. If the attorney for the debtor(s) has complied with the applicable provisions of the Chapter 13 Attorney's Fees Order, the trustee will deliver, from the funds available, the stated amount or the maximum amount to the attorney, whichever is less.

(g) If the case is dismissed before confirmation of the plan, fees, expenses, and costs of the attorney for the debtor(s) in the amount of $___**2,500.00**___, not to exceed the maximum amount that the Chapter 13 Attorney's Fees Order permits, will be allowed to the extent set forth in the Chapter 13 Attorney's Fees Order. The attorney may file an application for fees, expenses, and costs in excess of the maximum amount within 10 days from entry of the order of dismissal. If the attorney for the debtor(s) has complied with the applicable provisions of the Chapter 13 Attorney's Fees Order, the trustee will deliver, from the funds available, the allowed amount to the attorney.

(h) If the case is converted to Chapter 7 after confirmation of the plan, the debtor(s) direct(s) the trustee to deliver to the attorney for the debtor(s), from the funds available, any allowed fees, expenses, and costs that are unpaid.

(i) If the case is dismissed after confirmation of the plan, the trustee will pay to the attorney for the debtor(s), from the funds available, any allowed fees, expenses, and costs that are unpaid.

§ 4.4    **Priority claims other than attorney's fees.**

☐    **None.** *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*

(a) *Check one.*

☑    The debtor(s) has/have no domestic support obligations. *If this box is checked, the rest of § 4.4(a) need not be completed or reproduced.*

(b) The debtor(s) has/have priority claims other than attorney's fees and domestic support obligations as set forth below:

| Name of creditor | Estimated amount of claim |
|---|---|
| **GA Dept of Revenue** | $**300.00** |
| **Internal Revenue Service** | $**0.00** |
| Arnall Golden Gregory LLP | $16,311.00 |

Part 5:    **Treatment of Nonpriority Unsecured Claims**

§ 5.1    **Nonpriority unsecured claims not separately classified.**

| Debtor | **Normandy MeShon Huff** | Case number | |
|---|---|---|---|

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata, as set forth in § 2.6. Holders of these claims will receive:

*Check one.*

☐ A pro rata portion of the funds remaining after disbursements have been made to all other creditors provided for in this plan.

☑ A pro rata portion of the larger of (1) the sum of $18,250.00 and (2) the funds remaining after disbursements have been made to all other creditors provided for in this plan.

☐ The larger of (1) ____% of the allowed amount of the claim and (2) a pro rata portion of the funds remaining after disbursements have been made to all other creditors provided for in this plan.

☐ 100% of the total amount of these claims.

Unless the plan provides to pay 100% of these claims, the actual amount that a holder receives will depend on (1) the amount of claims filed and allowed and (2) the amounts necessary to pay secured claims under Part 3 and trustee's fees, costs, and expenses of the attorney for the debtor(s), and other priority claims under Part 4.

**§ 5.2    Maintenance of payments and cure of any default on nonpriority unsecured claims.**

*Check one.*

☑    **None.** *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*

**§ 5.3    Other separately classified nonpriority unsecured claims.**

*Check one*.

☑    **None.** *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

| Part 6: | **Executory Contracts and Unexpired Leases** |
|---|---|

**§ 6.1    The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.**

*Check one*.

☑    **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

| Part 7: | **Vesting of Property of the Estate** |
|---|---|

**§ 7.1    Unless the Bankruptcy Court orders otherwise, property of the estate shall not vest in the debtor(s) on confirmation but will vest in the debtor(s) only upon: (1) discharge of the debtor(s); (2) dismissal of the case; or (3) closing of the case without a discharge upon the completion of payments by the debtor(s).**

| Part 8: | **Nonstandard Plan Provisions** |
|---|---|

**§ 8.1    Check "None" or List Nonstandard Plan Provisions.**

☐    **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in this N.D. Ga. Chapter 13 Plan Form or deviating from it. Nonstandard provisions set out elsewhere in this plan are ineffective.

*The following plan provisions will be effective only if there is a check in the box "Included" in § 1.3. (Insert additional lines if needed.)*

**Payments to Ally Financial, Inc. will be made directly by debtor outside on the Chapter 13 Bankruptcy as a Long Term Debt.**

Debtor   **Normandy MeShon Huff**                                    Case number

| Part 9: | **Signatures:** |

**§ 9.1   Signatures of Debtor(s) and Attorney for Debtor(s).**

*The debtor(s) must sign below. The attorney for the debtor(s), if any, must sign below.*

X   **/s/ Normandy MeShon Huff**                                    X
   **Normandy MeShon Huff**                             Signature of debtor 2 executed on
   Signature of debtor 1 executed on    **February 8, 2021**

X   **/s/**                                                          Date:   **February 8, 2021**
   **Jason B Lutz, GA Bar No. 670673**
   Signature of attorney for debtor(s)

   **Clark & Washington, P.C.**
   **3300 NE Expressway**
   **Building 3**
   **Atlanta, GA 30341**
   **(404) 522-2222**
   **(770) 220-0685 - fax**

By filing this document, the debtor(s), if not represented by an attorney, or the attorney for debtor(s) also certify(ies) that the wording and order of the provisions in this Chapter 13 Plan are identical to those contained in the Local Form for Chapter 13 Plans that the Bankruptcy Court for the Northern District of Georgia has prescribed, other than any nonstandard provisions included in Part 8.

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA - ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | * | CASE NO. 19-50672-wlh |
| | * | |
| Normandy MeShon Huff | * | CHAPTER 13 |
| AKA Normandy Huff; AKA Normandy M Huff | * | |
| | * | |
| | * | |
| | * | |
| | * | |
| Debtor. | * | |

## CERTIFICATE OF SERVICE

I certify that I served the following parties with a true copy of the attached "Amendment to Chapter 13 Plan" by placing the same in the United States Mail with adequate postage affixed to ensure delivery and addressed to:

Normandy MeShon Huff
1702 Westhaven Drive SW
Atlanta  GA   30311

And, in the same manner, I served the parties listed in the attached matrix at the addresses indicated therein.

I further certify that Nancy J Whaley, the Chapter 13 Trustee, was served via the ECF electronic mail/noticing system.

DATE: 2/9/2021
/s/
Jason B. Lutz, GA Bar No. 670673
Attorney for Debtors

Clark & Washington, PC
3300 Northeast Expressway
Building 3
Atlanta  GA   30341
Phone: 404-522-2222
Fax:  770-220-0685
Email:  ecfnotices@cw13.com

```
Label Matrix for local noticing          Ally Bank                                American Express National Bank, AENB
113E-1                                   PO Box 130424                            c/o Zwicker and Associates, P.C.
Case 19-50672-wlh                        Roseville, MN 55113-0004                 Attorneys/Agents for Creditor
Northern District of Georgia                                                      P.O. 9043
Atlanta                                                                           Andover, MA 01810-0943
Tue Feb  9 09:37:39 EST 2021

Amex                                     Arnall Golden Gregory LLP                Arnall Golden Gregory LLP
Correspondence/Bankruptcy                171 17th Street, N. W.                   171 17th Street NW, Suite 2100
Po Box 981540                            Suite 2100                               Atlanta, GA 30363-1031
El Paso, TX 79998-1540                   Atlanta, GA 30363-1031                   Attn:  Michael J. Bargar


Bank Of America                          Bank of America, N.A.                    Barclays Bank Delaware
4909 Savarese Circle                     P O Box 982284                           Attn: Correspondence
Fl1-908-01-50                            El Paso, TX 79998-2284                   Po Box 8801
Tampa, FL 33634-2413                                                              Wilmington, DE 19899-8801


Michael J. Bargar                        Cavalry Portfolio Services               Cavalry SPV I, LLC
Arnall Golden Gregory, LLP               Attn: Bankruptcy Department              500 Summit Lake Drive, Ste 400
Suite 2100                               500 Summit Lake Ste 400                  Valhalla, NY 10595-2321
171 17th Street, N.W.                    Valhalla, NY 10595-2322
Atlanta, GA 30363-1031

Chase Bank USA, N.A.                     (p)JPMORGAN CHASE BANK  N A              Citibank, N.A.
c/o Robertson, Anschutz & Schneid, P.L   BANKRUPTCY MAIL INTAKE TEAM              701 East 60th Street North
6409 Congress Avenue, Suite 100          700 KANSAS LANE FLOOR 01                 Sioux Falls, SD 57104-0493
Boca Raton, FL 33487-2853                MONROE LA 71203-4774


Citibank/The Home Depot                  Citicards Cbna                           E. L. Clark
Attn: Recovery/Centralized Bankruptcy    Citi Bank                                Clark & Washington, LLC
Po Box 790034                            Po Box 6077                              Bldg. 3
St Louis, MO 63179-0034                  Sioux Falls, SD 57117-6077               3300 Northeast Expwy.
                                                                                  Atlanta, GA 30341-3932

Comenity Bank/Victoria Secret            Comenitycapital/forev2                   Convergent
Attn: Bankruptcy Dept                    Attn:  Bankruptcy Dept                   800 SW 39th St.
Po Box 182125                            Po Box 182125                            PO Box 9004
Columbus, OH 43218-2125                  Columbus, OH 43218-2125                  Renton, WA 98057-9004


Credit One Bank                          (p)DELL FINANCIAL SERVICES               Discover Bank
Attn: Bankruptcy                         P O BOX 81577                            Discover Products Inc
Po Box 98873                             AUSTIN TX 78708-1577                     PO Box 3025
Las Vegas, NV 89193-8873                                                          New Albany, OH  43054-3025


Discover Financial                       Fnb Omaha                                (p)GEORGIA DEPARTMENT OF REVENUE
Po Box 3025                              Attn: Bankruptcy                         COMPLIANCE DIVISION
New Albany, OH 43054-3025                Po Box 2490                              ARCS BANKRUPTCY
                                         Omaha, NE 68103-2490                     1800 CENTURY BLVD NE SUITE 9100
                                                                                  ATLANTA GA 30345-3202

Eli D. Gordon                            S. Gregory Hays                          Normandy Meshon Huff
Tripp Scott, P.A.                        Hays Financial Consulting, LLC           1702 Westhaven Drive SW
110 SE 6th Street                        2964 Peachtree Road NW                   Atlanta, GA 30311-2645
15th Floor                               Suite 555
Fort Lauderdale, FL 33301-5004           Atlanta, GA 30305-4909
```

| | | |
|---|---|---|
| IRS<br>401 W. Peachtree St., NW<br>Stop #334-D<br>Room 400<br>Atlanta, GA 30308 | Midland Funding<br>2365 Northside Dr Ste 300<br>San Diego, CA 92108-2709 | PRA Receivables Management, LLC<br>PO Box 41021<br>Norfolk, VA 23541-1021 |
| PYOD, LLC<br>Resurgent Capital Services<br>PO Box 19008<br>Greenville, SC 29602-9008 | PayPal Credit<br>PO Box 105658<br>Atlanta, GA 30348-5658 | (p)PORTFOLIO RECOVERY ASSOCIATES LLC<br>PO BOX 41067<br>NORFOLK VA 23541-1067 |
| Quantum3 Group LLC as agent for Comenity Ban<br>PO Box 788<br>Kirkland, WA 98083-0788 | Shawna Staton<br>Office of the United States Trustee<br>362 Richard Russell Building<br>75 Ted Turner Drive, SW<br>Atlanta, GA 30303-3315 | Syncb/ccsycc<br>Attn: Bankruptcy<br>Po Box 965060<br>Orlando, FL 32896-5060 |
| Synchrony Bank<br>c/o PRA Receivables Management, LLC<br>PO Box 41021<br>Norfolk, VA 23541-1021 | Synchrony Bank/Amazon<br>Attn:  Bankruptcy Dept<br>Po Box 965060<br>Orlando, FL 32896-5060 | Synchrony Bank/Walmart<br>Attn:  Bankruptcy Dept<br>Po Box 965060<br>Orlando, FL 32896-5060 |
| U. S. Attorney<br>600 Richard B Russell Bldg.<br>75 Ted Turner Drive, SW<br>Atlanta, GA 30303-3315 | Nancy J. Whaley<br>Nancy J. Whaley, Standing Ch. 13 Trustee<br>303 Peachtree Center Avenue<br>Suite 120, Suntrust Garden Plaza<br>Atlanta, GA 30303-1216 | Ryan J. Williams<br>Nancy J. Whaley<br>Standing Chapter 13 Trustee<br>303 Peachtree Center Avenue<br>Suite 120<br>Atlanta, GA 30303-1286 |
| World Omni Financial Corp<br>Attn: Bankruptcy<br>Po Box 991817<br>Mobile, AL 36691-8817 | | |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | | |
|---|---|---|
| Chase Card Services<br>Correspondence Dept<br>Po Box 15298<br>Wilmington, DE 19850 | Dell Financial Services LLC<br>Attn: President/CEO<br>Po Box 81577<br>Austin, TX 78708 | (d)Dell Financial Services, LLC<br>Resurgent Capital Services<br>PO Box 10390<br>Greenville, SC 29603-0390 |
| GA Dept of Revenue<br>1800 Century Blvd.<br>Atlanta, GA 30345 | Portfolio Recovery Associates, LLC<br>POB 41067<br>Norfolk VA 23541 | |

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

```
(d)Synchrony Bank                        (u)World Omni Financial Corp.          End of Label Matrix
c/o PRA Receivables Management, LLC                                             Mailable recipients    45
PO Box 41021                                                                    Bypassed recipients     2
Norfolk VA 23541-1021                                                           Total                  47
```